IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JSA TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | C.A. No. 08-118 (JJF) |
| v. | ) | |
| | ) | |
| DATA FUTURES, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## OPENING BRIEF IN SUPPORT OF DEFENDANT
## DATA FUTURES, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

OF COUNSEL:

Kelly A. Schoening
Deters, Benzinger & LaVelle, P.S.C.
207 Thomas More Parkway
Crestview Hills, KY 41017
(859) 341-5910

Jeffrey L. Moyer (#3309)
moyer@rlf.com
Steven J. Fineman (#4025)
fineman@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street, P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
*Attorneys for Defendant Data Futures, Inc.*

Dated: March 18, 2008

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................ ii

NATURE AND STAGE OF THE PROCEEDING............................................... 1

SUMMARY OF THE ARGUMENT ................................................................... 1

STATEMENT OF FACTS ................................................................................. 2

ARGUMENT ..................................................................................................... 3

I.      STANDARD OF REVIEW ............................................................... 3

II.     THE DELAWARE LONG-ARM STATUTE DOES
        NOT CONFER JURISDICTION OVER DATA FUTURES.................. 5

        A.      DATA FUTURES IS NOT SUBJECT TO
                SPECIFIC JURISDICTION IN DELAWARE .......................... 5

        B.      DATA FUTURES IS NOT SUBJECT TO
                GENERAL JURISDICTION IN DELAWARE ......................... 7

III.    SUBJECTING DEFENDANT TO JURISDICTION IN DELAWARE DOES
        NOT COMPORT WITH THE DUE PROCESS CLAUSE OF THE
        FOURTEENTH AMENDMENT............................................................ 8

CONCLUSION ....... .......................................................................................... 9

# TABLE OF AUTHORITIES

## CASES

*Carteret Sav. Bank, F.A. v. Shushan,*
   954 F.2d 141 (3d Cir. 1992)..............................................................3

*Hanson v. Deckla,*
   357 U.S. 235 (1958)....................................................................3, 5

*Intel Corp. v. Silicon Storage Tech, Inc.,*
   20 F. Supp. 2d 690, 694 (D. Del. 1998)..........................................1

*Intel Corp. v. Broadcom Corp.,*
   167 F. Supp. 2d 692, 699 (D. Del. 2001) ......................................3, 8

*International Shoe Co. v. Washington,*
   326 U.S. 310, 316 (1945)...............................................................8

*Kloth v. Southern Christian University,*
   494 F. Supp. 2d 273 (D. Del. 2007) ..........................................3, 4, 7

*LaNuova D & B S.p.A. v. Bowe Co. Inc.,*
   513 A.2d 764 (Del. 1986)...............................................................4

*O'Connor v. Sandy Lane Hotel Co., Ltd.,*
   496 F.3d 312 (3d Cir. 2007)........................................................5, 6

*Provident National Bank v. California Federal Savings & Loan Assoc.,*
   819 F.2d 434 (3d Cir. 1987)........................................................3, 4

*Reach & Associates, P.C. v. Dencer,*
   269 F. Supp. 2d 497 (D. Del. 2003)..................................................7

*Stranahan Gear Co., Inc. v. NL Indus., Inc.,*
   800 F.2d 53 (3d Cir. 1986)..............................................................3

*Telcordia Tech Inc. v. Telkom SA Ltd.,*
   458 F.3d 172 (3d Cir. 2006).............................................................5

*Virgin Wireless, Inc. v. Virgin Enterprises Ltd.,*
   201 F. Supp. 2d 294 (D. Del. 2002) .................................................3

*World-Wide Volkswagen Corp. v. Woodson,*
   444 U.S. 286, 297 (1980)...............................................................8

## <u>STATUTES</u>

10 *Del. C.* § 3104(c)..................................................................*passim*

`

iii

## NATURE AND STAGE OF THE PROCEEDING

On February 26, 2008, Plaintiff JSA Technologies, Inc. ("Plaintiff") filed suit in this Court against Defendant Data Futures, Inc. ("Data Futures"), alleging a single count of patent infringement. Plaintiff, a Delaware corporation with its principal place of business in Fort Worth, Texas, alleges that Data Futures, a Kentucky corporation with its principal place of business in Harlan, Kentucky, is subject to the jurisdiction of this Court pursuant to the Delaware long-arm statute, 10 *Del. C.* §3104(c). Data Futures has <u>no</u> contacts with the State of Delaware. As such, Data Futures respectfully requests that this Court dismiss Plaintiff's Complaint pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction.

## SUMMARY OF THE ARGUMENT

1.     Plaintiff's Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction because Data Futures has no contacts with the State of Delaware. Data Futures has no presence in Delaware and has never conducted business in Delaware. Nor has Data Futures purposely directed any activities toward the residents of Delaware or otherwise purposely availed itself of the privilege of conducting activities in Delaware. Defendant has not maintained the minimum contacts that are required under 10 *Del. C.* §3104(1) to establish personal jurisdiction. Data Futures is not subject to the personal jurisdiction of this Court, and this Court should dismiss Plaintiff's Complaint.

2.     Subjecting Defendant to jurisdiction in Delaware would violate the Due Process Clause of the Fourteenth Amendment because it was not foreseeable that Data Futures' conduct would subject Data Futures to Delaware jurisdiction. *Intel Corp. v. Silicon Storage Tech, Inc.*, 20 F. Supp. 2d 690, 694 (D. Del. 1998).

## STATEMENT OF FACTS

Plaintiff alleges that personal jurisdiction over Data Futures is proper because Data Futures has "committed acts of patent infringement … such that it has purposely availed itself of the privilege of conducting activities within this District, including but not limited to directing sales and marketing of the accused offerings described herein to Delaware schools." *See* Compl. ¶ 4. The lone factual assertion offered in support of this allegation is Plaintiff's contention that "Data Futures' activities in this regard have taken place at least in connection with implementing the accused offerings in computer systems of schools that participate in the Schools Interoperability Framework Association, of which the State of Delaware is a member and participant." *Id.*   Plaintiff's complaint contains no allegations that Data Futures has purposely directed its activities towards the residents of the State of Delaware.

2

**ARGUMENT**

## I.  **STANDARD OF REVIEW**

The determination of whether a defendant is subject to personal jurisdiction is a two-part analysis. *Intel Corp. v. Broadcom Corp.*, 167 F. Supp. 2d 692, 700 (D. Del. 2001). The first step is to determine if the Delaware long-arm statute reaches the Defendant.   10 *Del. C.* §3104(c) The second step is to determine if subjecting Defendant to jurisdiction in Delaware would comport with the Due Process Clause of the Fourteenth Amendment. *Id.*

When a non-resident defendant challenges personal jurisdiction, the burden is on the plaintiff to show that the defendant has purposely directed its activities toward the residents of the forum state or otherwise purposely availed itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws. *Virgin Wireless, Inc. v. Virgin Enters. Ltd*, 201 F. Supp. 2d  294, 298 (D. Del. 2002) (*citing Hanson v. Deckla*, 357 U.S. 235, 253 (1958)). A plaintiff may not rely on the pleadings alone in order to withstand a motion to dismiss for lack of personal jurisdiction. *Id.* (*citing Stranahan Gear Co. Inc. v. NL Indus.* 800 F.2d 53, 58 (3d Cir. 1986)). A plaintiff is required to come forward with facts sufficient to establish by a preponderance of the evidence that the court can exercise personal jurisdiction over the defendant. *Id.* (*citing Carteret Sav. Bank, F.A. v. Shushan*, 954 F.2d 141, 146 (3d Cir. 1992)).

In order to satisfy its burden, the plaintiff must demonstrate with reasonable particularity that sufficient minimum contacts have occurred between the forum state and the defendant to support jurisdiction. *Kloth v. Southern Christian Univ.*, 494 F. Supp. 2d 273, 278 (D. Del. 2007) (*citing Provident Nat'l Bank v. California Fed. Sav. & Loan Assoc.*, 819 F.2d 434, 437 (3d Cir. 1987)), reconsideration denied, 2007 WL 3036893 (D. Del. Oct. 17, 2007).   This can be

3

accomplished only by demonstrating that the forum state has either specific or general jurisdiction over the defendant. *Id.* Specific jurisdiction arises when the particular cause of action arose from the defendant's activities within the forum state. *Id.* In contrast, general jurisdiction does not require that the defendant's connections be related to the particular cause of action, but that the defendant has continuous or systematic contacts with the forum state. *Id.*

The Delaware long-arm statute, 10 *Del. C.* §3104(c), has been construed broadly to confer jurisdiction to the maximum extent possible under the due process clause. *Kloth*, 494 F. Supp. 2d at 277 (*citing LaNuova D & B S.p.A. v. Bowe Co.*, 513 A.2d 764, 768 (Del. 1986)). The Delaware long-arm statute permits the exercise of personal jurisdiction over a nonresident who, in person or through an agent:

> (1) Transacts any business or performs any character of work or service in the State;
> (2) Contracts to supply services or things in this State;
> (3) Causes tortious injury in the State by an act or omission in this State;
> (4) Causes tortious injury in the State or outside the State by an act or omission outside the State if the person regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State;
> (5) Has an interest in, uses or possesses real property in the State; or
> (6) Contracts to insure or act as surety for, or on, any person, property, risk, contract, obligation or agreement located, executed or to be performed within the State at the time the contract is made, unless the parties otherwise provide in writing.

10 *Del. C.* §3104(c).

4

## II.    THE DELAWARE LONG-ARM STATUTE DOES NOT CONFER JURISDICTION OVER DATA FUTURES.

Data Futures is not incorporated or organized under Delaware law, maintains no place of business in Delaware, holds no real property in Delaware, is not licensed to do business in Delaware, has no agent for service of process in Delaware, has no Delaware phone number, has no bank or brokerage account in Delaware, has no employees, representatives, or agents in Delaware, and has never before sued or been sued in a Delaware court. (Combs Dec., ¶¶ 5, 8, 9, 11, 12).[1]  Therefore, only §§3104(c)(1) or (c)(4) could possibly justify service under Delaware's long-arm statute.  Section 3104(c)(1) allows for service of process based on specific jurisdiction, while § 3104(c)(4) allows for service of process based on general jurisdiction.

### A.    Data Futures Is Not Subject To Specific Jurisdiction In Delaware.

Section 3104(c)(1) does not justify the exercise of personal jurisdiction over Defendant. Specific jurisdiction is established when a non-resident defendant has purposely directed its activities at a resident of the forum and the injury arises from, or is related to, those activities. *Telcordia Tech Inc. v. Telkom SA Ltd.*, 458 F.3d 172, 177 (3d Cir. 2006), cert. denied, 127 S. Ct. 1261 (2007).  The threshold question is whether the defendant has "purposely avail[ed] itself of the privilege of conducting activities within the forum." *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 317 (3d Cir. 2007) (*citing Hanson*, 357 U.S. at 253).  The defendant must have engaged in a "deliberate targeting of the forum." *Id.*  Contacts with a state's citizens that take place outside the state are not purposeful contacts with the state itself. *Id.*

The jurisdictional allegations contained in Plaintiff's Complaint do not come close to satisfying these standards.  Plaintiff alleges that personal jurisdiction over Data Futures is proper

---

[1] Citations to "Combs Dec., ¶ __" refer to the Declaration of Charlene Combs filed contemporaneously herewith.

5

because Data Futures "has committed acts of patent infringement ... within the state of

Delaware, such that it has purposely availed itself of the privilege of conducting activities within

this District." *See* Compl. ¶ 4. Plaintiff supports this legal conclusion with a single factual

allegation that Data Futures has done business with a Washington, D.C. based non-profit

organization which has ties to the Delaware Department of Education:

> In particular, on information and belief, Data Futures' activities in
> this regard have taken place at least in connection with
> implementing the accused offerings in computer systems of
> schools that participate in the Schools Interoperability Framework
> Association, of which the State of Delaware is a member and
> participant.

*Id.*

Delaware cannot assert jurisdiction over Data Futures on the basis of Data Futures'

business relationship with the Schools Interoperability Framework Association (SIFA). The

Delaware Department of Education is one of 1,399 school systems associated with SIFA.

(Combs Dec., ¶ 15). It cannot be said that Data Futures has purposely directed its activities at

Delaware citizens simply because Data Futures belongs to the Washington, D.C. based SIFA.

No transactions, agreements, dealings or discussions between Data Futures and SIFA

have occurred in Delaware. (Combs Dec., ¶ 16). Data Futures has no employees, offices,

facilities or registered agents in the State of Delaware, has no Delaware telephone number, and

maintains no bank or brokerage accounts in the State of Delaware. (Combs Dec., ¶ 8). Nor did

Data Futures ever intend to sell its products or services into the State of Delaware. (Combs Dec.,

¶ 17). Rather, Data Futures is a member of the non-profit association SIFA. (Combs Dec., ¶ 13).

Data Futures certainly did not intend, through these limited transactions, to submit itself to the

jurisdiction of the numerous states encompassing the 1,399 school systems associated with SIFA,

including the State of Delaware.

For these reasons, Data Futures has not engaged in the required "deliberate targeting of the forum" of Delaware. *O'Connor*, 496 F.3d at 317. Data Futures is not subject to Delaware jurisdiction simply because the Delaware Department of Education is a member of a Washington, D.C. based non-profit organization with which Data Futures is also a member.

**B.    Data Futures Is Not Subject To General Jurisdiction In Delaware.**

Section 3104(c)(4) also fails to justify the exercise of personal jurisdiction over Defendant. General jurisdiction may be exercised over a defendant whose contacts with the forum state are "continuous and substantial." *Kloth*, 494 F. Supp. 2d at 280. The standard for contacts with a forum state to be considered "continuous and substantial" is a "high standard in practice." *Id*. Although § 3104(c)(4) authorizes jurisdiction even when the tortious acts and the injury occurred outside of Delaware, the defendant or its agent must still be generally present in the state. *Reach & Associates, P.C. v. Dencer*, 269 F. Supp. 2d 497, 505 (D. Del. 2003). As stated in the long-arm statute, this "general presence" requires that the defendant or agent "regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State." 10 *Del. C.* §3104(c)(4).    "The standard for general jurisdiction is high in practice and not often met." *Dencer*, 269 F. Supp. 2d at 505.

It is indisputable that Data Futures does not satisfy the requirements of  §3104(c)(4). Data Futures has <u>no</u> presence in Delaware, let alone one that could be described as "continuous and substantial." *Kloth,*  494 F. Supp. 2d at 280. Likewise, Data Futures has never performed or solicited *any* business in Delaware. Data Futures could hardly be described as having engaged in a "persistent course of conduct" in the State of Delaware. 10 *Del. C.* §3104(c)(4). As such, Plaintiff cannot meet the standard of demonstrating general jurisdiction in this case.

7

**III.    SUBJECTING DATA FUTURES TO JURISDICTION IN DELAWARE WOULD VIOLATE THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT.**

As recognized by the Supreme Court, the critical analysis for due process is whether it was foreseeable that the defendant's conduct would cause him to be hailed into court in the forum state. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). Moreover, the lawsuit should not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

Unlike the defendant in the *Intel* case, Data Futures has not had any contacts with Delaware nor has it marketed its products or services in Delaware. It was not foreseeable to Defendant that it could be sued in Delaware. As stated above, Data Futures conducts no business in Delaware, has no office in Delaware, no employees in Delaware, has never sold or intended to sell any products or services in Delaware, and has no other contact with this State. Therefore, there is no basis for this claim in the Delaware courts and to grant jurisdiction would violate Due Process.

## CONCLUSION

Data Futures has never purposely directed its business activities toward the residents of Delaware or otherwise purposely availed itself of the privilege of conducting activities in the State of Delaware. As such, this Court cannot exercise jurisdiction over Data Futures under the Delaware long-arm statute. Accordingly, Data Futures respectfully requests that this Court dismiss Plaintiff's Complaint.

Jeffrey L. Moyer (#3309)
moyer@rlf.com
Steven J. Fineman (#4025)
fineman@rlf.com
Richards Layton & Finger
One Rodney Square, 920 North King Street
Wilmington, Delaware 19801
(302) 651-7700
*Attorneys for Defendant Data Futures, Inc.*

OF COUNSEL:

Kelly A. Schoening
Deters, Benzinger & LaVelle, P.S.C.
207 Thomas More Parkway
Crestview Hills, KY 41017
(859) 341-1881


Dated: March 18, 2008

9

# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2008, I electronically filed the foregoing with the Clerk

of Court using CM/ECF which will send notification of such filing(s) and Hand Delivered to the

following:

> Philip A. Rovner, Esq.
> Potter Anderson & Corroon
> Hercules Plaza
> P. O. Box 951
> Wilmington, Delaware 19899

I hereby certify that on March 18, 2008, the foregoing document was sent to the

following non-registered participants in the manner indicated:

### BY FEDERAL EXPRESS

> Daniel J. Furniss, Esq.
> Townsend and Townsend and Crew LLP
> 379 Lytton Avenue
> Palo Alto, CA 94301-1431

> Richard S. Meyer, Esq.
> Jonathan D. Link, Esq.
> Townsend and Townsend and Crew LLP
> 1301 K Street, NW
> Ninth Floor, East Tower
> Washington, DC 20005

Steven J. Fineman (#4025)